IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 19-156-BLG-SPW |
|---|---|
| Plaintiff, | |
| vs. | ORDER RE DEFENDANT'S MOTION TO SUPPRESS EVIDENCE |
| NICHOLAS DALE JENNINGS, | |
| Defendant. | |

Before the Court is Defendant Nicholas Dale Jennings' motion to suppress evidence obtained from a traffic stop and search of his vehicle, filed April 10, 2020. Jennings argues the traffic stop violated his Fourth Amendment rights because the investigating officer lacked reasonable suspicion to prolong the stop and subject Jennings to a canine sniff search. (Doc. 32 at 7.) The United States responds that the stop and investigation were justified by the officer's observation of the vehicle speeding and detecting the odor of marijuana upon approaching the driver's door. (Doc. 36 at 2.) For the following reasons, Jennings' motion to suppress is DENIED.

I.   **Factual Background**

1

On June 22, 2019, Montana Highway Patrol Trooper Branden Timm observed a pickup traveling west at a high rate of speed on Interstate 90 near Columbus, Montana. The trooper activated his radar to confirm the vehicle was traveling at 86 miles per hour. The posted speed limit was 80 miles per hour. The trooper pursued the vehicle, accelerating to over 115 miles per hour in order to catch up. As the patrol car approached the pickup, the pickup braked heavily to slow down. Timm attempted to read the temporary registration paper taped to the inside of the back window but was unable to make it out. The trooper engaged his overhead lights and pulled the pickup over at 1:45 AM.

Timm proceeded to make contact with Jennings and his passenger, Erica Jackson, and informed them of the reason for the stop. Jennings admitted to speeding and supplied his license and registration upon request but told the trooper that he currently did not have insurance on the pickup. During this initial interaction, the smell of unburnt marijuana became apparent to the trooper, but he chose not to immediately comment on the smell. The trooper asked Jennings to step out of his vehicle for a pat down search. Jennings then accompanied Timm back to the patrol car so the trooper could question Jennings while running a warrant and registration check. At 1:47 AM, approximately two minutes after making contact with Jennings, Timm requested Deputy Anderson's assistance at the scene with his canine.

While waiting for the information on Jennings' registration and criminal history, Timm questioned Jennings about where he came from and where he was going. Jennings informed Timm that they were driving from Minot, North Dakota to Las Vegas to celebrate his sister's (Erica Jackson) 31st birthday. Timm informed Jennings that he would receive a citation for the lack of insurance but only a warning for the speeding. Timm then broached the subject of the marijuana smell by asking Jennings if he had any marijuana in the vehicle. As a North Dakota resident, Jennings could not validly hold a Montana Medical Marijuana license. Jennings initially denied having any marijuana in the pickup but eventually admitted to having "like half a blunt" in the car when asked a second time. Timm then returned to the pickup to obtain Jackson's identification and question her.

Upon request, Jackson handed over her California identification which listed her date of birth as March 11 and that she was 29 years old, not about to have a birthday and not turning 31. Timm asked Jackson about where they were going and why. Jackson responded that they were going to Las Vegas to see their mother in the hospital. Timm then returned to where Jennings was standing by the patrol car and asked him again whether any other drugs were present in the vehicle. Jennings said no. Timm asked if Jennings had any large amounts of cash in the vehicle and Jennings admitted to having about $13,000 in the cab. Jennings initially provided

consent to search the vehicle, but then refused consent after asking if he would be free to leave by refusing consent. Timm informed Jennings that he would be free to leave, but that his vehicle and belongings would have to remain there. Deputy Anderson had arrived on scene to assist by then. Timm left Jennings with Anderson and approached the passenger side of the pickup again to inform Jackson that they could leave but the vehicle and their belongings were being seized. During Deputy Anderson's questioning, Jennings also acknowledged that he had a handgun in the vehicle in addition to the cash and marijuana. Jennings and Jackson were then transported to the Town Pump gas station in Columbus by another deputy called to the scene. Deputy Anderson deployed his canine who alerted on the pickup. Timm contacted Agent Nedens of the Montana Department of Justice to assist with securing a search warrant.

Judge Mary Jane Knisely of the 13th Judicial District Court signed the warrant. The search turned up $19,000 in cash, a handgun, and a gold plastic bottle containing eight grams of marijuana.

## II. DISCUSSION

That a traffic violation alone may warrant an investigatory stop is well-settled law. *U.S. v. Choudhry*, 461 F.3d 1097, 1100 (9th Cir. 2006); *see Heien v. North Carolina*, 574 U.S. 54 (2014); *Whren v. United States*, 517 U.S. 806, 810 (1996);

*Delaware v. Prouse*, 440 U.S. 648, 660 (1979). Consistent with the Fourth Amendment, an officer may "conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000) (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968)). "[T]he decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren*, 517 U.S. at 810.

If a person is stopped for violating the traffic code, the stop may not be prolonged beyond the time reasonably required to complete the mission of the stop. *Rodriguez v. United States*, 135 S.Ct. 1609, 1614 (2015) (citing *Illinois v. Caballes*, 543 U.S. 405, 407 (2005)). Because addressing the infraction is the purpose of the stop, it may "last no longer than is necessary to effectuate that purpose." *Rodriguez*, 135 S.Ct. at 1614. Authority for the stop ends when tasks tied to the traffic infraction are, or reasonably should have been, completed. *Rodriguez*, 135 S.Ct. at 1614. Such tasks typically include checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance. *Rodriguez*, 135 S.Ct. at 1615.

In the context of a traffic stop, a dog sniff is not considered a search. *Caballes*, 543 U.S. at 405. It may be conducted even when a stop is not drug-

related so long as it does not unreasonably prolong the stop. *Caballes*, 543 U.S. at 408-409; *Rodriguez*, 135 S.Ct. at 1615. If the dog sniff does unreasonably prolong the stop beyond the stop's initial purpose, the officer must articulate independent reasonable suspicion justifying the prolonged stop. *Rodriguez*, 135 S.Ct. at 1616-1617. But in either case, the issue is whether the seizure was justified, not whether a search occurred. *See Caballes*, 543 U.S. at 409 ("[T]he use of a well-trained narcotics-detection dog—'one that does not expose noncontraband items that otherwise would remain hidden from public view,' [*United States v. Place*, 462 U.S. 696, 707 (1983)]—during a lawful traffic stop, generally does not implicate legitimate privacy interests.").

Here, Timm's initial seizure of Jennings was justified as the officer observed the pickup traveling in excess of the posted speed limit, a traffic violation Jennings himself admitted to. Upon approaching the vehicle to effectuate the purpose of the stop, Timm immediately detected the smell of marijuana emanating from the cab. The Ninth Circuit has held that "the smell of marijuana alone is sufficient to provide probable cause to search a vehicle for contraband." *United States v. Maffei*, 417 Supp. 3d 1212, 1223 (N.D. Cal. 2019); *citing United States v. Barron*, 472 F.2d 1215, 1217 (9th Cir. 1973). This smell, coupled together with the identification of Jennings as a North Dakota resident, provided more than sufficient grounds for

6

Timm to deviate from the original purpose of the traffic stop and reasonably extend the seizure.

Jennings relies on a recent Supreme Court case, *Rodriguez v. United States*, for the argument that a law enforcement officer cannot extend an otherwise lawful traffic stop through police questioning when the purpose for the stop has been resolved. 135 S. Ct. at 1613. The defendant maintains that Timm deliberately prolonged the stop without justification in order to detain Jennings until a canine unit arrived. First of all, Timm testified that Deputy Anderson arrived sometime prior to 1:55 AM. Timm was still in the initial stages of the traffic stop. Secondly, as Jennings distinguishes in his own brief, "[d]og sniffs *not otherwise supported by independent reasonable suspicion* are tasks that are not related to the traffic mission . . ." (Doc. 32 at 12.) (emphasis added). The trooper's report and suppression hearing testimony both indicate that the odor of marijuana was immediately apparent upon approaching Jennings' pickup. Jennings may disagree with the manner in which the officer chose to conduct the investigation by not immediately asking Jennings about the smell, but he presented no legal basis to claim this practice obviated the presence of the odor or invalidated the independent reasonable suspicion to extend the stop and subject Jennings to a canine sniff.

7

Finally, Jennings argues that there was insufficient probable cause to issue a search warrant because the warrant application did not include substantive information about the canine and its alert-success-rate. This argument is unpersuasive as the trooper had already achieved probable cause to search the vehicle when he smelled marijuana coming from the pickup. *Barron*, 472 F.2d at 1217. The odor was later confirmed by Deputy Anderson when he approached the pickup before the vehicle was ever subjected to a canine sniff.

**IT IS HEREBY ORDERED** that Jennings' motion to suppress evidence obtained from a traffic stop and search of his vehicle is **DENIED**.

The Clerk of Court shall notify the parties of this Order.

DATED this 21st day of July, 2020.

SUSAN P. WATTERS
United States District Judge